**Jason P. Hoelscher** (Arizona Bar # 027580)
jhoelscher@shhlaw.com
**SICO HOELSCHER HARRIS LLP**
802 N. Carancahua, Ste. 900
Corpus Christi, TX 98401
Phone 361 653 3300
Fax    361 653 3333

**Matthew S. Parmet** (Texas Bar # 2406719)
(*seeking admission pro hac vice*)
matt@parmet.law
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Ingrid Virgin, individually and on behalf of all others similarly situated**,<br><br>Plaintiff,<br><br>vs.<br><br>**TruWest Credit Union**,<br><br>Defendant. | Case No. _____<br>FLSA Collective Action<br>FED. R. CIV. P. 23 Class Action<br><br>**Plaintiff's Original Class and Collective Action Complaint for Damages** |

## SUMMARY

1. Ingrid Virgin brings this lawsuit to recover unpaid overtime wages and other damages owed by TruWest Credit Union ("TruWest").

2. Virgin worked for TruWest as a mortgage underwriter.

3. Virgin and other underwriters for TruWest regularly worked in excess of 40 hours in a week.

4. TruWest did not pay Virgin and the other underwriters overtime when they worked in excess of 40 hours in a week.

5. Instead, TruWest improperly classified Virgin and the other underwriters as exempt employees and paid them a salary with no overtime compensation.

6. This action seeks to recover the unpaid overtime wages and other damages owed by TruWest to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because TruWest resides in this District.

10. Virgin worked for TruWest in this District.

11. Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

12. **Ingrid Virgin** is a natural person who is a resident and citizen of Arizona.

13. Virgin was, at all relevant times, an employee of TruWest.

14. Virgin was a salaried employee of TruWest.

15. Virgin worked for TruWest as a mortgage underwriter.

16. Virgin worked for TruWest from October 2017 to October 2020.

17. Virgin's written consent is attached as Exhibit A.

18. Virgin represents at least two classes of similarly situated TruWest employees.

19. Virgin represents a class of similarly situated employees under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Class" is defined as:

> **All current or former mortgage underwriters employeed by TruWest Credit Union in the United States who were, at any point in the past three years, paid on a salary basis.**

20. Virgin represents a class of similarly situated employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Class" is defined as:

> **All current or former mortgage underwriters employeed by TruWest Credit Union in Arizona who were, at any point in the past three years, paid on a salary basis.**

21. Together, throughout this Complaint, the FLSA Class members and Arizona Class members are referred to as the "Putative Class Members."

22. **TruWest Credit Union ("TruWest")** is an Arizona corporation.

23. TruWest's headquarters and principal place of business is in Maricopa County, Arizona.

24. TruWest may be served by service upon its registered agent, **Alan J. Althouse, 1667 N. Priest Dr., Tempe, Arizona 85281**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

25. At all relevant times, TruWest was an employer of Virgin within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. At all relevant times, TruWest was and is an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27. TruWest was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28. During at least the last three years, TruWest has had gross annual sales in excess of $500,000.

29. TruWest was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

30. TruWest employs many workers, including Virgin, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

31. The goods and materials handled, sold, or otherwise worked on by Virgin, and other TruWest employees and that have been moved in interstate commerce include, but are not limited to, office supplies, office equipment, telecommunications equipment, and mortgage and other financial products.

## FACTS

32. TruWest operates financial institutions in Arizona and Texas.
33. Virgin was employed by TruWest in Arizona.
34. Virgin was a salaried employee of TruWest.
35. TruWest did not pay Virgin on a fee basis.
36. Virgin worked as a mortgage underwriter for TruWest.
37. Virgin normally worked more than 40 hours in a week.
38. Virgin often worked 70 hours per week, or more..
39. Virgin often worked seven days a week.
40. Virgin reported the hours she worked to TruWest on a regular basis.
41. Virgin's hours are reflected in TruWest's records.
42. TruWest paid Virgin a salary for all hours worked, without any overtime pay for hours in excess of 40 in a week.
43. Throughout her employment, Virgin performed non-exempt job duties as an underwriter, aimed at producing a reliable loan.
44. Virgin worked to produce mortgage products for TruWest.
45. Virgin did not advise TruWest's customers.

PARMET PC

46. Virgin did not promote TruWest's financial products.

47. Virgin did not service TruWest's financial products.

48. Virgin implemented guidelines designed by TruWest's corporate management.

49. Virgin was subject to policies and procedures which dictated her day-to-day activities.

50. The work Virgin performed was an essential and integral part of TruWest's core business.

51. No advanced degree is required to become an underwriter.

52. Being an underwriter does not require specialized academic training as a standard prerequisite.

53. To the extent Virgin made "decisions," such decisions did not require the exercise of independent discretion and judgment.

54. Instead, Virgin applied well-established techniques and procedures and used established standards to evaluate any issues.

55. Virgin did not set the techniques and procedures utilized to perform the job and did not set quality standards.

56. TruWest's underwriters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

57. With these job duties, Virgin was clearly a non-exempt employee under the FLSA.

58. Truwest did not pay Virgin overtime for hours worked in excess of 40 in a single workweek.

59. Instead, TruWest paid Virgin a salary only.

60. TruWest keeps accurate records of the hours, or at least the days, its salaried employees work.

61. TruWest also keeps accurate records of the amount of pay its salaried employees receive.

62. Because Virgin and the Putative Class Members were misclassified by TruWest as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

63. TruWest was aware of the overtime requirements of the FLSA.

64. TruWest was aware of the overtime requirements of Arizona law.

65. TruWest knew, since at least 2017, that its mortgage underwriters were not exempt employees under the FLSA.

66. TruWest knew, since at least 2017, that its mortgage underwriters were required to be paid overtime under the FLSA.

67. TruWest nonetheless failed to pay these underwriters, such as Virgin, overtime.

68. TruWest's failure to pay overtime to these underwriters was, and is, a willful violation of the FLSA.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

69. Virgin incorporates all other allegations.

70. Numerous employees have been victimized by the pay pattern, practice, and policy outlined above, which is a willful violation of the FLSA.

71. Thus, from Virgin's observations, she is aware that the illegal practices or policies of TruWest have been imposed on a distinct group of employees.

72. These employees were all paid a salary without any overtime.

73. These employees are victims of TruWest's unlawful compensation practices and are similarly situated to Virgin in terms of job duties, pay provisions, and employment practices.

74. TruWest's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the employees.

75. TruWest's failure to pay wages and overtime compensation as required by Arizona law result from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the employees.

76. Thus, Virgin's experiences are typical of the experiences of the Putative Class Members she seeks to represent.

77. The specific job titles or precise job locations of the various employees does not prevent collective treatment.

78. Virgin has no interests contrary to, or in conflict with, the members of the FLSA or Arizona Classes. Like each member of the proposed classes, Virgin has an interest in obtaining the unpaid overtime wages owed under state and federal law.

79. A class and collective action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

80. Absent this action, many FLSA and Arizona Class members likely will not obtain redress of their injuries and TruWest will reap the unjust benefits of violating the FLSA and Arizona law.

81. Furthermore, even if some of the FLSA and Arizona Class members could afford individual litigation against TruWest, it would be unduly burdensome to the judicial system.

82. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

83. The questions of law and fact common to each of the FLSA and Arizona Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether TruWest employed the FLSA and Arizona Class members within the meaning of the FLSA and Arizona law;

    b. Whether the FLSA and Arizona Class members were exempt from overtime; and

   c. Whether TruWest was authorized to withhold the wages and overtime pay due to Virgin and the Arizona Class members.

84. Virgin's claims are typical of the FLSA and Arizona Class members. Virgin, and the FLSA and Arizona Class members have all sustained damages arising out of TruWest's illegal and uniform employment policy.

85. Virgin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

86. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

87. All the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all overtime hours. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA

88. Virgin incorporates each other allegation.

89. TruWest has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating non-exempt employees on salary basis in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Class members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

90. TruWest knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Class members overtime compensation.

91. TruWest's failure to pay overtime compensation to these FLSA Class members was neither reasonable, nor was the decision not to pay overtime made in good faith.

92. Accordingly, Virgin and the FLSA Class members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION—VIOLATIONS OF THE ARIZONA WAGE ACT

93. Virgin incorporates all other allegations.

94. The conduct alleged in this Complaint violates the Arizona Wage Act, ARS 23-350, *et seq.*

95. TruWest was and is an "employer" within the meaning of the Arizona Wage Act. (ARS § 23-350(3).)

96. At all relevant times, TruWest employed Virgin and each other Arizona Class member as "employees" within the meaning of the Arizona Wage Act. (ARS § 23-350(2).)

97. Virgin and the other Arizona Class members were required by law to be paid overtime wages for all overtime hours worked.

98. Virgin and the other Arizona Class members had a reasonable expectation TruWest would pay them wages as required by the FLSA.

99. Virgin and the other Arizona Class members had a reasonable expectation TruWest would pay them wages as required by federal law.

100. Virgin and the other Arizona Class members had a reasonable expectation TruWest would pay them wages as required by Arizona law.

101. Virgin and the other Arizona Class members had a reasonable expectation TruWest would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

102. Within the applicable limitations period, TruWest had a policy and practice of failing to pay proper overtime to the Arizona Class members for their hours worked in excess of 40 hours per week.

103. The wages and overtime owed to Virgin and each other Arizona Class member were due to be paid not later than 16 days after the end of the of the most recent pay period. (ARS § 23-351(C)(3).)

104. The wages and overtime owed to Virgin and each other Arizona Class member who left the employment of TruWest were due to be paid not later seven days after termination, or at the end of the next regular pay period. (ARS § 23-353(A)-(B).)

105. The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by state or federal law, or the employee has authorized the withholding in writing. (ARS § 23-352.)

106. TruWest was not required under Arizona or federal law to withhold the wages and overtime pay due to Virgin and the Arizona Class members.

107. TruWest was not empowered under Arizona or federal law to withhold the wages and overtime pay due to Virgin and the Arizona Class members.

108. Neither Virgin nor the Arizona Class members authorized TruWest to withhold the wages and overtime pay due to them.

109. TruWest has not paid these overtime wages to Virgin and each other Arizona Class member.

110. As a result of TruWest's failure to pay proper overtime to Virgin and the Arizona Class members for work performed in excess of 40 hours in a workweek, TruWest violated the Arizona Wage Act.

111. Virgin and the Arizona Class members are entitled to overtime wages under Arizona law in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT

112. Virgin incorporates all other allegations.

113. TruWest's acts and omissions in denying proper overtime pay to Virgin and the Arizona Class members was done knowingly.

114. As a result of its unlawful acts and omissions, TruWest received substantial benefit in the form of financial compensation that rightfully belonged to Virgin and the Arizona Class members.

115. It would be unjust to allow TruWest to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Ker and the Arizona Class members the wages and overtime they were entitled to under Arizona law.

116. TruWest has been unjustly enriched by its unlawful acts and omissions.

### DAMAGES

117. TruWest's acts and omissions, individually and collectively, caused Virgin and the Putative Class Members to sustain legal damages.

118. Virgin and the FLSA Class members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs. (29 U.S.C. § 216(b).)

119. Virgin and the Arizona Class members are entitled to overtime wages under the Arizona Wage Act in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

120. Virgin and the Arizona Class members are entitled to recover for TruWest's unjust enrichment, including restitution and penalties.

121. Virgin and the Putative Class Members are entitled to recover attorneys' fees and costs of court.

122. Virgin and the FLSA Class members are entitled to recover liquidated damages under the FLSA.

123. Virgin and the Arizona Class members are entitled to treble damages under the Arizona Wage Act.

124. Virgin and the Arizona Class members are entitled to exemplary damages on their unjust enrichment claim.

125. Virgin and the Putative Class Members are entitled to pre- and post-judgment interest at the maximum legal rates.

126. A constructive trust should be imposed on TruWest, and the Court should sequester any benefits or money wrongfully received by TruWest at the expense of Virgin and the Arizona Class members.

## RELIEF SOUGHT

127. Virgin prays for judgment against TruWest as follows:

   a. For an order certifying a collective action for the purposes of claims under the FLSA;

   b. For an order certifying a class action for the purposes of the claims under Arizona law;

   c. For an order finding TruWest liable for violations of state and federal wage laws with respect to Virgin and all class members covered by this case;

   d. For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Virgin and all FLSA Class members covered by this case;

   e. For a judgment awarding all unpaid wages, treble damages, penalty damages, and punitive damages, to Virgin and all Arizona Class members covered by this case;

   f. For an order finding TruWest was unjustly enriched by its violations of Arizona law with respect to Virgin and all Arizona Class members covered by this case;

g. For an order imposing a constructive trust on TruWest and sequestering the benefits and monies that it wrongfully obtained at the expense of Virgin and the Arizona Class members;

h. For an order awarding restitution, penalties, and exemplary damages to Virgin and all Arizona Class members covered by this case;

i. For a judgment awarding costs of this action to Virgin and all class members covered by this case;

j. For a judgment awarding attorneys' fees to Virgin and all class members covered by this case;

k. For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Virgin and all class members covered by this case; and

l. For all such other and further relief as may be necessary and appropriate.

Date: <u>May 11, 2021</u>

Respectfully submitted,

**SICO HOELSCHER HARRIS LLP**

By: /s/ *Jason P. Hoelscher* _____
**Jason P. Hoelscher**

**Attorneys for Plaintiff**